IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WYNSTON DAY, *Plaintiff* | § § § § § § § § | A-19-CV-1183-RP-SH |
| v. | | |
| SHERIFF SALLY HERNDEZ, ET. AL. *Defendants* | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before this Court are Wynston Day's ("Plaintiff") Motion to Proceed In Forma Pauperis, filed on December 10, 2019 (Dkt. No. 3), and Plaintiff's Complaint (Dkt. No. 1). On December 4, 2019, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I. MOTION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Averment of Assets, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may,

1

in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and is recommending that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).

In addition, as the Fifth Circuit recently explained:

> Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims. Determining whether a claim is wholly insubstantial and frivolous requires asking whether it is obviously without merit or whether the claim's unsoundness so clearly results from the previous decisions of the Supreme Court as to foreclose the subject.

*Atakapa Indian de Creole Nation v. Louisiana*, --- F.3d ----, 2019 WL 6712330, at *1 (5th Cir. Dec. 10, 2019) (cleaned up).

### B. Plaintiff's Complaint should be dismissed under § 1915(e)(2)

Plaintiff's Complaint asserts a myriad of incredible, fanciful, and often incomprehensible allegations against Travis County Sherriff Sally Hernandez, the Travis County Sheriff's Office, the Austin Police Department, "John Doe #1-8," and 16 other Travis County employees ("Defendants"). Specifically, Plaintiff alleges that from 2015 to the present, the Defendants "on a daily basis" committed "criminal" acts against him including: breaking into his home by using underground tunnels; installing listening devices and cameras in his home to monitor Plaintiff; hacking his financial accounts, security systems, phone, and internet; poisoning his food with "unknown noxious substances" and feces; blowing toxic gas into his air vents; stealing and destroying his personal items; driving his vehicles without his permission; using secret tunnels to sneak into his house and sexually assault him during his sleep; accusing him of suffering from paranoia or delusions when Defendants knew he was "in fact, sane;" and being involved in a terrorist and human trafficking criminal organization. Dkt. No. 1 at p. 4-10. Plaintiff seeks $250 million in damages for these alleged actions.

As noted, courts must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But under even the most liberal construction, Plaintiff alleges

irrational or wholly incredible claims against the Defendants. Because Plaintiff has alleged only fanciful, fantastic, and delusional allegations, his Complaint should be dismissed as frivolous. *See Starr v. United States*, 481 F. App'x 140, 142 (5th Cir. 2012) (holding that plaintiff's claims against the United States for spying and stealing her thoughts were patently frivolous); *Jackson v. Johnson,* 2005 WL 1521495, at *1 (N.D. Tex. June 27, 2005) (finding that plaintiff's lawsuit should be dismissed as frivolous where plaintiff alleged FBI conspired with state and local police to invade plaintiff's privacy through highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry), *report and recommendation adopted*, 2005 WL 1668084 (N.D. Tex. July 13, 2005); *Daniel v. FBI*, 2003 WL 21436479, at *1 (N.D. Tex. Jun.17, 2003) (dismissing complaint as frivolous where plaintiff alleged that FBI stalked, harassed, sexually harassed, and tried to poison her because she ran as a write-in candidate for President of the United States), *report and recommendation adopted*, 2003 WL 21555130 (N.D. Tex. July 8, 2003).

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Wynston Day's lawsuit as frivolous sunder 28 U.S.C. § 1915(e)(2).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 18th day of December, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE